IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 7:23-cr-00022-MFU |
| JULIUS FREDERICK MUSE, III, | ) |
| | ) |
| *Defendant.* | ) |

**MOTION FOR VOLUNTARY DISCLOSURE OF GRAND JURY AND OTHER MATERIALS AND FOR A PROTECTIVE ORDER**

The United States, by counsel, moves pursuant to Federal Rules of Criminal Procedure 6(e), 16, and 26.2, and the inherent authority of the Court to administer proceedings before it, for an Order permitting the voluntary disclosure of certain materials in discovery. The United States also moves for the entry of a protective order restricting or limiting the use of certain discovery in this matter, as discussed below.

**I.  Motion for Voluntary Disclosure of Grand Jury and Other Materials**

Pursuant to Federal Rules of Criminal Procedure 6(e), 16, and 26.2, the United States seeks the Court's permission to disclose grand jury materials, criminal histories, witness interview reports, materials that may be covered by the Privacy Act, and other materials as part of voluntary discovery.

**II.  Motion for a Protective Order**

**a.  Legal Standard**

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature. *See* Fed. R. Crim. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information). Aside from the express

authority granted in Rules 16 and 49.1, the Court also has inherent authority to manage the discovery process in this case. *See United States v. Beckford*, 962 F. Supp. 748, 755–56 (E.D. Va. 1997) (citing cases). "A trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

Rule 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief. Such orders may be granted upon a showing of good cause. *See* Fed. R. Crim. P. 16(d)(1).

### b. Materials Sought to Be Protected

The United States intends to voluntarily provide far more expansive discovery than what is required by *Brady*, *Giglio*, the Jencks Act, and Rule 16. The government anticipates disclosure of, at a minimum, the following categories of materials:

- Grand jury transcripts and records
- *Jencks* material
- Law enforcement reports and attachments
- Media files
- Criminal history and DMV records
- *Giglio* materials

Each of these categories of materials should be covered by a protective order for reasons explained below. A protective order balances the government's interests in shielding witnesses, third parties, and law enforcement investigative methods, with the defendant's interest in receiving expansive and efficient discovery.

### i. Grand Jury Transcripts and Records

Rule 6(e) requires the government to safeguard "matter[s] occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). Although the United States moves for an order permitting it to disclose grand jury transcripts and records, *see id*. (e)(3)(E), grand jury materials should be covered by the

protective order to preserve grand jury secrecy to the maximum extent possible.

### ii. *Jencks* Material

The disclosures required by the Jencks Act and Fed. R. Crim. P. 26.2 are not required to be made until after a witness has testified on direct examination. Nevertheless, to promote a timely resolution of the case and to account for the parties' interests in full and efficient discovery, the government intends to disclose those materials in advance of trial so long as they are also subject to a protective order protecting their further disclosure.

### iii. Law Enforcement Reports and Attachments

This case involves ATF and local law enforcement reports, along with attachments to those reports. These reports are generally excepted from disclosure under Rule 16(a)(2). They may also constitute *Jencks* material and accordingly may not be subject to disclosure in their entirety under Rule 16. Some of these reports contain information about third parties, witnesses, and other suspects in the investigation. Others include sensitive details about the manner in which investigations were carried out, including law enforcement "means and methods." For these reasons, good cause exists to prevent unnecessary dissemination of these materials.

### iv. Media Files

The government anticipates disclosure of media files relevant to the case, including covert surveillance video, recordings of phone calls and interviews, recordings of law enforcement debriefs, and photographs and other video. Many of those files depict law enforcement tactics, techniques, and procedures. Others depict uninvolved third parties. To protect the privacy interests of the involved parties and to avoid revealing law enforcement tactics and techniques, the government requests a protective order for media files disclosed to the defense.

### v. Criminal History and DMV Records

The case file contains criminal history records and DMV records. Given the highly sensitive nature of the information contained in those records, they should be protected.

### vi. *Giglio* Materials

Finally, any disclosure of personnel files made pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), including written summaries of such information, should also be subject to protection. Such files, and the information contained therein, are ordinarily confidential. Thus, the privacy interest these witnesses have with respect to this information merits guarding against their potential dissemination.

### III.    CONCLUSION

Based upon the foregoing, the government submits that good cause exists to enter the requested protective order. The proposed restrictions represent a reasonable balance between the parties' interests, including the defendant's interests in receiving fulsome and efficient discovery.

**WHEREFORE**, the United States respectfully requests that the Court find that it has shown good cause and grant its Motion and enter the accompanying proposed Order that (1) permits the government to disclose to counsel for the defense materials to advance the case and as may be required; (2) restricts the defendant's access and ability to disseminate certain discovery materials as discussed above; (3) provides notice of sanctions in the event these materials were deliberately disclosed in an unauthorized manner or to unauthorized persons; and (4) reserves the rights of the parties to seek further modification of this Order as the needs of the case may require.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

<u>/s/ Lee S. Brett</u>
N.C. Bar No. 57838
Assistant United States Attorney
United States Attorney's Office
P.O. Box 1709
Roanoke, VA 24008-1709
Tel: (540) 857-2250
Fax: (540) 857-2614
lee.brett@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 5/25/2023, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Lee S. Brett</u>
Assistant United States Attorney